Opinión disidente emitida por la
Juez Asociada Señora Rodríguez Rodríguez, a la que se une la Jueza Presidenta Señora Fiol Matta.
La Opinión que hoy emite una mayoría de este Tribunal amplía indebidamente el alcance de las disposiciones de la Regla 36.4 de Procedimiento Civil para exigirle a los foros apelativos que trasciendan el ámbito de sus facultades revisoras y actúen, para todos los efectos, como tribunales de primera instancia. Por entender que las exigencias de la Regla 36.4 no se extienden a los procedimientos ante un foro apelativo, disiento del razonamiento expuesto en la Opinión mayoritaria.
El razonamiento de una mayoría de este Tribunal equipara una denegatoria total o parcial de una moción de sentencia sumaria presentada ante un foro de instancia con la revocación de un dictamen sumario a nivel apelativo. Consiguientemente, le exige a los foros apelativos que, al momento de revocar determinaciones de los foros primarios que concedan mociones de sentencia sumaria, cumplan con los requisitos que establece la Regla 36.4 de Procedimiento Civil. Es decir, los foros apelativos intermedios estarán obligados a resolver el recurso presentado “mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que estén realmente y de buena fe controvertidos [...]”. Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V. Por entender que este requisito no se atempera a la función apelativa, disiento del dictamen mayoritario.
*125 I
Como cuestión de umbral, resulta preciso distinguir entre lo que constituye un estándar de revisión y los requisitos procesales que debe seguir un foro apelativo al aplicarlo. Si bien es cierto que un foro apelativo se encuentra en la misma posición que el foro primario al momento de evaluar un dictamen sumario, esto no implica que su dictamen debe ceñirse a los mismos requisitos que se le exigen a un tribunal de instancia. Lo anterior, no sólo responde a la naturaleza particular de ambos foros, sino que además asegura que las facultades y competencias de ambos tribunales se ejerzan de manera cónsona con la función que realizan. Así, por ejemplo, y como reconoce la Opinión mayoritaria, la tarea de adjudicar controversias reales en torno a hechos materiales en la dilucidación de una controversia le corresponde propiamente al foro de instancia y no al foro revisor. Véase Vera v. Dr. Bravo, 161 DPR 308, 335 (2004).
II
Corresponde, entonces, contextualizar el texto de la Regla 36.4 a los procedimientos que realiza un foro primario en su rol adjudicador en aras de considerar los fundamentos para exigir su aplicación a nivel apelativo. La Regla 36.4 de Procedimiento Civil dispone lo siguiente:
Si en virtud de una moción presentada bajo las disposiciones de esta regla no se dicta sentencia sobre la totalidad del pleito, ni se concede todo el remedio solicitado o se deniega la misma, y es necesario celebrar juicio, será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, y hasta qué extremo la cuantía de los daños u otra reparación no está en controversia, ordenando los procedimientos ulteriores que sean justos en el pleito, incluso una vista evidenciaría limi *126 tada a los asuntos en controversia. Al celebrarse el juicio, se considerarán probados los hechos así especificados y se procederá de conformidad.
A base de las determinaciones realizadas en virtud de esta regla el tribunal dictará los correspondientes remedios, si alguno.
Según se desprende del texto de la Regla, una moción de sentencia sumaria presentada ante un tribunal de instancia se deberá resolver conforme a la exigencia de que, al denegar ésta total o parcialmente, el tribunal deberá emitir una determinación que permita a las partes conocer aquellos hechos esenciales y pertinentes que no pueden ser adjudicados por la vía sumaria y que serán objeto del litigio. De otra parte, y con el propósito de agilizar la resolución de controversias, la Regla también exige que los hechos incontrovertidos sean igualmente delimitados por el foro primario en la determinación emitida.
La precitada Regla, por lo tanto, sirve dos propósitos principales: (1) agiliza la dilucidación de las controversias presentadas en los foros primarios que no pueden ser resueltas total o parcialmente por la vía sumaria, y (2) supone una forma “de propiciar una revisión adecuada por los foros apelativos”. J.A. Cuevas Segarra, Tratado de derecho procesal civil, 2da ed., San Juan, Pubs. JTS, 2011, T. III, pág. 1075. Es decir, los foros apelativos, al contar con una determinación de los hechos controvertidos y no controvertidos, estarán en mejor posición de evaluar la actuación del foro primario. Esto responde, sin duda, a la posición jerárquica de los foros apelativos y al rol revisor que ejercen.
Exigir a un foro apelativo que emita una determinación conforme con la Regla 36.4, al momento de revocar un dictamen sumario emitido por un tribunal de instancia, supondría una intromisión indebida de ese foro en la facultad de adjudicar la controversia que posee el foro primario, ante el cual se dilucidará el pleito.
*127 III
Como es sabido, en nuestro ordenamiento procesal civil sólo los foros de instancia tienen la facultad de denegar o conceder mociones de sentencia sumaria o de dictar sentencias parciales una vez alguna de las partes del pleito ha solicitado disponer de éste sumariamente. La Regla 36.4, por tanto, preceptúa los requisitos con los que deben cumplir los foros primarios al ejercer esa facultad. Asimismo, las Reglas 36.1 y 36.2 establecen los criterios que deben guiar la discreción de un foro primario al momento de adjudicar una moción de sentencia sumaria; a saber, que de la evidencia o declaraciones juradas presentadas se entienda que no existe una controversia sustancial de hechos importantes y pertinentes, y que sólo proceda aplicar el derecho. 32 LPRAAp. V.
En lo que respecta a la revisión de un dictamen sumario, hemos establecido que “[e]l tribunal apelativo utilizará los mismos criterios que el Tribunal de Primera Instancia al determinar si procede una sentencia sumaria”. (Enfasis suplido). Vera v. Dr. Bravo, supra, pág. 334. No obstante, la utilización de estos criterios se hace en un contexto distinto, pues el análisis se centra en si procede la actuación del foro primario con relación a la moción de sentencia sumaria presentada. En el caso en que el foro apelativo determine que era improcedente disponer del pleito sumariamente, revocará y devolverá al foro primario para que se continúe con los procedimientos, pues, como se indicó, no le corresponderá adjudicar las controversias subsistentes entre las partes. Por otro lado, en el caso en que sea un foro primario el que determine la improcedencia de una moción de sentencia sumaria y deniegue la misma, los procedimientos continuarán ante sí y será éste quien resolverá conforme a Derecho, luego de la celebración del juicio correspondiente.
*128 En el pasado hemos sido enfáticos al rechazar la aplicación automática e indeliberada de las Reglas de Procedimiento Civil a los foros apelativos. Así, en De Jesús Viñas v. González Lugo, 170 DPR 499, 512 (2007), al evaluar la aplicabilidad de la Regla 49.2 de Procedimiento Civil al tribunal de apelaciones, distinguimos entre éste y un tribunal de instancia, razonando que
La naturaleza y el propósito de ambos tribunales son distintos. Mientras que en el Tribunal de Primera Instancia se da la presentación de la prueba y el encuentro entre las partes involucradas, en el tribunal apelativo intermedio la función se limita a la revisión de los procedimientos llevados a cabo ante el tribunal de instancia. En ello precisamente estriba el que ambos tribunales no puedan regirse automáticamente por las mismas reglas. La aplicación automática de las Reglas de Procedimiento Civil al Tribunal de Apelaciones definitivamente desvirtuaría la naturaleza del proceso apelativo, el cual se debe caracterizar por la justicia apelativa rápida y efectiva. (Enfasis suplido).
De la misma manera, indicamos que cuando la referida regla procesal hacía referencia al término “tribunal” se refería al foro primario, mientras que la utilización de los términos “tribunal revisado o apelado” aludía a los foros apelativos. Véase De Jesús Viñas, supra, pág. 511. En atención a esta distinción, indicamos que
[a] pesar de que el tribunal apelativo intermedio forma parte del Tribunal General de Justicia y las Reglas de Procedimiento Civil van dirigidas a los procedimientos celebrados ante dicha entidad, ello no significa que todas las figuras incorporadas y reguladas mediante las Reglas de Procedimiento Civil se encuentran disponibles en los procesos ante el Tribunal de Apelaciones, salvo que la propia regla disponga explícitamente lo contrario. (Enfasis y escolio suprimidos).(1) Id., pág. 512.
*129 Claramente, el texto de la Regla 36.4 que nos ocupa se refiere al foro primario, al cual le corresponde, no sólo evaluar la moción de sentencia sumaria presentada, sino, además, celebrar el juicio correspondiente una vez ésta sea denegada total o parcialmente. El foro apelativo, por su parte, tendrá que cumplir con los requisitos que le impone la Regla 10 del Reglamento del Tribunal de Apelaciones al momento de emitir una sentencia que revisa la denegatoria o concesión de una moción de sentencia sumaria. Así, una sentencia emitida por un Tribunal de Apelaciones, “incluirá una exposición de los fundamentos que apoyen su determinación y cuando la naturaleza del recurso lo requiera, incluirá una relación de hechos, una exposición y análisis de los asuntos planteados, o conclusiones de derecho”. Regla 10 del Reglamento del Tribunal de Apelaciones, 4 LPRAAp. XXII-B.
IV
En los casos ante nuestra consideración, tras la desestimación sumaria por parte de los foros primarios, los foros apelativos recurridos concluyeron que existía una controversia con relación a la aplicación de la doctrina de patrono *130 sucesor. Para fundamentar esta determinación, un foro determinó que disponer del pleito sumariamente resultaba difícil, por la imposibilidad que suponía “reunir ante sí toda la verdad de los hechos a través de documentos”. Meléndez González v. M. Cuebas, Inc., 2013 WL 1720500 (TCA, 2013). De esta manera, consideró necesario que el foro primario realizara un análisis ponderado y exhaustivo de la realidad fáctica, por entender que existía controversia con relación a un hecho esencial y pertinente; a saber, si coexistía “similaridad sustancial en la operación de la empresa y una continuidad en la identidad de la empresa antes y después del cambio corporativo”. Id.
En el otro recurso consolidado, el foro apelativo concluyó que existía controversia sobre varios hechos esenciales, enfocando éstos en elementos de intención relacionados a la compraventa de los activos de M. Cuebas. Además, determinó que no era procedente adjudicar la controversia por la vía sumaria “[a] base de meros documentos”. Roldán Flores v. M. Cuebas Inc., 2013 WL 2316668 (TCA, 2013).
Consecuentemente, ambos foros determinaron que, en atención a la complejidad de los casos y las controversias planteadas, y tomando en consideración la naturaleza ex-cepcional del mecanismo de sentencia sumaria, lo procedente era la resolución del pleito mediante un juicio en su fondo. Estimo que estas determinaciones de los foros apelativos cumplen con lo dispuesto en el Reglamento del Tribunal de Apelaciones y que los requerimientos ulteriores que hoy una mayoría intenta imponer a los foros apelativos es, a todas luces, excesivo. Además, estimo que los requerimientos desvirtúan la naturaleza de los procesos apelativos en nuestro ordenamiento procesal civil.
V
Por los fundamentos que anteceden, disiento del curso de acción de una mayoría de este Tribunal mediante el cual *131 se extiende a los foros apelativos la obligación de emitir una determinación conforme a los preceptos de la Regla 36.4. Por tal razón, confirmaría las sentencias apeladas sin exigir trámite ulterior por parte de los foros apelativos.

 En el pasado, al resolver que las mociones de relevo de sentencia no están disponibles ante el foro apelativo intermedio, hemos evaluado cómo la figura procesal en cuestión se ajusta a los procedimientos apelativos. En el presente caso, conviene reiterar que la función revisora del Tribunal de Apelaciones, en lo que respecta a las determinaciones de hecho realizadas por el foro primario, es sumamente limitada. Esto, puesto que es el foro primario el que se encuentra en mejor posición para hacer *129 tales determinaciones. Debido a la naturaleza revisora del Tribunal de Apelaciones y cómo éste debe evitar realizar determinaciones de hechos que no le corresponden, la Regla 83.1 del Reglamento del Tribunal de Apelaciones permite a ese foro, ante un dictamen del Tribunal de Primera Instancia carente de fundamentos adecuados, “retener jurisdicción sobre el recurso y ordenar al tribunal de instancia, organismo o agencia que fundamente la sentencia o resolución final previamente emitida”. 4 LPRAAp. XXII-B. Esta Regla propende evitar que los foros apelativos intermedios sean los primeros que emitan determinaciones de hechos y conclusiones de derecho en un caso en particular. La Opinión que hoy suscribe una mayoría avala que el Tribunal de Apelaciones haga esas determinaciones en primera instancia. Consideraciones prácticas relacionadas con la justicia apelativa evidencian el desacierto que representa el dictamen mayoritario. Así, cabe destacar que, conforme con lo que pauta la mayoría, una parte adversamente afectada por las determinaciones que hiciera un Tribunal de Apelaciones al revocar un dictamen sumario sólo tendrá a su disposición una oportunidad de revisión ante este Foro. Por otro lado, una parte a quien se le deniegue una moción de sentencia sumaria a nivel de instancia tendrá dos oportunidades de revisión, pues podrá revisar las determinaciones emitidas por el Tribunal de Primera Instancia ante el Tribunal de Apelaciones y, de no prevalecer, ante este Tribunal.